J. L. COTTRELL v. TOWN OF LENOIR.

(Filed 29 May, 1908.)

1. **Municipal Bonds—Registration Books—Charter and Further Legislative Provisions—Interpretation—Constitutional Law.**

   When there is a charter requirement of a municipality that registration books be kept open for twenty days preceding an election, and, under the provisions of a subsequent legislative act, bonds are issued pursuant to a further requirement that ten days' previous notice shall be given of the whereabouts of the registrar, the provision of the act is construed to supply a reasonable requirement, concerning which the charter is deficient, and the issue is valid when the provisions of the charter and the act are complied with.

2. **Municipal Bonds—Legislative Authority—Vote of People—Constitutional Law.**

   Municipal bonds for special purposes, issued by express authority of the Legislature and approved by a majority of the qualified voters of the town, are valid. (*Wharton v. Greensboro*, 146 N. C., 356, cited and distinguished.)

ACTION to restrain the issuing of certain bonds, heard at chambers by *Councill, J.,* at Statesville, 18 May, 1908, from CALDWELL.

From a judgment for defendant plaintiff appealed.

The facts are stated in the opinion.

*Mark Squires* for plaintiff.
*W. C. Newland* for defendant.

BROWN, J.    By act of the General Assembly of 1907 (Private Laws, ch. 83) the town of Lenoir was empowered to issue bonds, not exceeding $100,000, for municipal improvements.    Twenty thousand dollars in amount have been issued, sold and the proceeds paid into the town treasury and applied to street paving.    The authorities of the town have undertaken to issue $80,000 more, to be applied to the establishment of a water and sewerage system.

It is contended by plaintiff that the entire issue is invalid:

1. Because the registration books were kept open for twenty days preceding the election upon the bond issue instead of ten days.

2. Because the entire issue is in excess of ten per cent. of the tax value of the property, in violation of section 2977 of the Revisal.

As to the first contention, we are of opinion that the bond election was properly held, in accordance with the provisions of the defendant's charter, which requires that the registration books shall be kept open for twenty days preceding the election. The evident purpose of the act of 1907 is to require that the bond election shall be held in accordance with the town charter, with the additional requirement that ten days' notice shall be given as to the whereabouts of the registrar for that time preceding the election. It seems that in this reasonable requirement the original charter is deficient.

As to the second contention, we are of opinion that the case of *Wharton v. Greensboro,* 146 N. C., 356, has no application. In that case the aldermen had general power to issue bonds, under section 100 of the charter of the city of Greensboro, when the provisions of the act were complied with. No amount .was named in the act and no limit fixed. We held that in such case section 2977 of the Revisal was not repealed by implication, and that the General Assembly was supposed to have it in view when the amended charter was enacted.

In the case we are now considering there is express legislative authority to issue $100,000 in bonds, which has also been ratified and approved by a majority of the qualified voters of the town.

We are of the opinion that the issue of bonds is legal in all respects. The judgment of the Superior Court is
Affirmed.